Hugh Donat HALL, Individually, and as Co–Guardian for Amelia Jane Hall, Movants

v.

Elaine COYLE, Individually, and as Co–Guardian for Amelia Jane Hall; Javonna Lee Smith, Individually and as Co–Guardian for Amelia Jane Hall; Commonwealth of Kentucky, Ex Rel Marie Elaine Coyle and Amelia Jane Hall, Respondents.

No. 2007–CA–001441–DR.

Court of Appeals of Kentucky.

Nov. 2, 2007.

Glen S. Bagby, J. Robert Lyons, Jr., Lexington, KY, for Movant.

James L. Avritt, Sr., Lebanon, KY, for Respondent Elaine Coyle.

Before DIXON, TAYLOR, and VANMETER, Judges.

## OPINION AND ORDER

DIXON, Judge.

Movants seek discretionary review of an Opinion and Order of the Washington Circuit Court affirming an order of the Washington District Court, which removed Hugh Donat Hall as co-guardian for his mother, Amelia Jane Hall. For reasons henceforth stated, the motion is hereby DENIED.

In this motion, movants renew the argument they made before the circuit court that the district court lacked jurisdiction over the subject matter because the claims below involved factual allegations "which the parties hotly contested and which required an evidentiary hearing to resolve." Movants rely on KRS[1] 24A.120(2), which provides in pertinent part that a district court shall have exclusive jurisdiction in "[m]atters involving probate, except matters contested in an adversary proceeding."

The circuit court determined that the matter at bench did not involve probate and that the district court's jurisdiction was provided by KRS 387.520(1). The circuit court found additional support in KRS 24A.120(3), which provides that "[m]atters not provided for by statute to be commenced in Circuit Court shall be deemed to be nonadversarial within the meaning of subsection (2) of this section and therefore are within the jurisdiction of the District Court." The court concluded that, even if KRS 24A.120(2) applied, the removal of a guardian would be construed as nonadversarial under KRS 24A.120(3) since no statute grants a circuit court jurisdiction to remove a guardian. We agree.

Pursuant to CR[2] 76.20(1), the review sought by movants from this Court "is a matter of judicial discretion and will be granted only when there are special reasons for it." However, the Court has determined that movants have failed to satisfy this requirement because the applicable law is clear and fully supports the circuit court's decision. While we do not routinely issue opinions with orders denying discretionary review, we will briefly address the issue of the district court's subject matter jurisdiction.

Pursuant to Section 113 of the Constitution of Kentucky, a district court has jurisdiction as provided by the General Assembly. In the case of guardianship proceedings, which are entirely separate from probate proceedings and are controlled by their own separate statutes, the General Assembly has clearly provided jurisdiction to district courts. The statute that is relevant to this discussion is KRS 387.520(1), which provides as follows:

> The District Courts shall have **exclusive jurisdiction** over all proceedings

---

1. Kentucky Revised Statutes.

2. Kentucky Rules of Civil Procedure.

involving a determination of partial disability or disability, the modification of orders, **the appointment and removal of guardians and conservators,** and the management and settlement of their accounts.

(Emphasis added).

Given the plain language highlighted above, we are of the opinion that the Washington Circuit Court correctly determined that the Washington District Court had subject matter jurisdiction over the motion to remove Hugh Donat Hall as co-guardian for his mother. Further, since the General Assembly has vested district courts with **exclusive** original jurisdiction in those removal matters, it is immaterial whether the removal proceedings below could have been construed as adversarial within the meaning of KRS 24A.120.

In view of the foregoing, we conclude that movants have shown no entitlement to a second appeal on those issues.

ALL CONCUR.